USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LUDERS MASSILLON, : 03 Civ. 3445 (SHS) (THK)
:
       Petitioner, : ORDER
:
  -against- :
:
JAMES CONWAY, Acting Superintendent of :
Attica Correctional Facility, and ANDREW M. :
CUOMO, Attorney General of New York,[1] :
:
       Respondents. :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  In a Report and Recommendation, Magistrate Judge Theodore H. Katz has recommended that the petition of Luders Massillon for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be granted. After a de novo review of that Report and consideration of defendants' objections, the Court adopts the Report and Recommendation with the following modification.

  In assessing whether petitioner was prejudiced by the ineffective assistance of his trial counsel, see Strickland v. Washington, 466 U.S. 668, 691-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), Magistrate Judge Katz applied the factors set forth in Neil v. Biggers, 409 U.S. 188, 198, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972), in order to determine whether Detective Trigueno's and Officer Williams's in-court identifications were independent of petitioner's unlawful arrest. This Court finds it more likely that New York courts would apply the analysis set forth in United States v. Crews, 445 U.S. 463, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980), because the question presented in that case, as in this one, was whether a witness's in-court identification was independent of an out-of-court identification that had been excluded as the fruit of an arrest

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General Andrew M. Cuomo is automatically substituted for former Attorney General Elliot Spitzer.

1

without probable cause. 445 U.S. at 467-68; see People v. Gethers, 86 N.Y.2d 159, 163, 654 N.E.2d 102, 630 N.Y.S.2d 281 (1995) (citing Crews as providing the standard for determining the admissibility of an in-court identification where an out-of-court identification has been suppressed as the fruit of an arrest without probable cause); People v. Brnja, 50 N.Y.2d 366, 406 N.E.2d 1066, 429 N.Y.S.2d 173 (1980) (same).

In Crews, 445 U.S. at 473 n.18, the U.S. Supreme Court applied the factors set forth in United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), in determining whether an in-court identification had an independent source:

> [1] the prior opportunity to observe the alleged criminal act, [2] the existence of any discrepancy between any pre-lineup description and the defendant's actual description, [3] any identification prior to lineup of another person, [4] the identification by picture of the defendant prior to the lineup, [5] failure to identify the defendant on a prior occasion, and [6] the lapse of time between the alleged act and the lineup identification.

388 U.S. at 241. Although these factors are not identical to those in Biggers, there is clearly substantial overlap between them.[2] Moreover, the Supreme Court in Crews also cited Biggers, which suggests that the two analyses are indeed closely related.[3] See 445 U.S. at 473 n.18. The distinction is somewhat academic because this Court finds that an analysis pursuant to Crews leads to the same conclusion that Magistrate Judge Katz reached pursuant to Biggers; namely, that "if the in-court identifications had been challenged by defense counsel, it is probable that the prosecution would not have been able to meet its burden of proving admissibility by clear and convincing evidence." (Report and Recommendation at 49.)

Moreover, even if the in-court identifications had been admitted as independent of the out-of-court confirmatory identifications, there is still a reasonable probability that the outcome

---

[2] The first, second, and sixth of the Wade factors correspond to the first, third, and fifth Biggers factors, respectively. See Biggers, 409 U.S. at 199-200.

[3] In Biggers, the Supreme Court considered whether a witness's identification of her assailant was reliable notwithstanding an impermissibly suggestive show-up procedure. 409 U.S. at 196, 200-01.

2

of petitioner's trial would have been different without testimony regarding the out-of-court identifications. Without that testimony, defense counsel would have had significantly greater opportunity to cross examine Detective Trigueno and Officer Williams regarding their recollections of petitioner, given that the trial occurred almost one full year after petitioner's arrest and both officers testified that they had engaged in over one hundred similar "buy-and-bust" operations since that time. (Trigueno Tr. 61-62; Williams Tr. 99.) With or without the in-court identifications, the evidence of petitioner's guilt, absent the out-of-court confirmatory identifications, is extremely thin. This Court finds that there is a reasonable probability that the outcome of the trial would have been different if the out-of-court confirmatory identifications had not been admitted but the in-court identifications had been.

Accordingly, after a de novo review of Magistrate Judge Theodore H. Katz's Report and Recommendation dated May 1, 2006, and defendants' objections dated June 15, 2006, IT IS HEREBY ORDERED THAT

1. Magistrate Judge Katz's Report and Recommendation, as modified, is adopted; and
2. The petition pursuant to 28 U.S.C. § 2254 is granted.

Dated: New York, New York
August 5, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3